IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEGUROS POPULAR, C. x A.,
f/k/a SEGUROS UNIVERSAL-AMERICA,
C. x A.,,

        Plaintiff,

vs.                          Case No. 05-1002-JTM

RAYTHEON AIRCRAFT CO.,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Raytheon's motion for ineffective service of process. Raytheon's motion argues that the attempted service of process on May 2, 2005 was ineffective, since it did not effect personal service on Wayne Wallace. Raytheon attaches the affidavit of Debra Hanson, a security guard employed by Pinkerton Security but working on the Raytheon premises. Hanson states:

> A male individual came to my desk and asked for Wayne Wallace. I told the individual that Mr. Wallace was not available. The individual left the premises and then later returned. He announced that he was serving some legal papers and that he could just throw the papers at me if he wished, which he did. The papers landed on my desk.

(Dkt. No. 2, Attachment 1, at ¶ 3.)

In its response, Seguros Popular has submitted the affidavit of professional process server Robert McNeely. (Dkt. No. 4, Attachment 1). McNeely states that on May 2 he entered a building which security guards told him housed Wallace's offices. When he entered the building he was

stopped by Hanson, who asked him his name and business. McNeely told her, and Hanson told him, "You can either leave them with me, or I can have someone from Mr. Wallace's office come down." McNeely said it would be better for him to give the documents to someone from Wallace's office. Hanson then spoke by telephone to a person named Paula, and then asked McNeely what kind of papers he had, and McNeely said "court documents." After repeating this to Paula, Hanson asked to see the documents and read them over the telephone. Eventually Hanson said, "O.K.," hung up the telephone and said, "Mr. Wallace has left strict instructions that he, and only he, can accept these kinds of papers and he'll be out of town until Friday." Hanson then shoved the papers across the desk to McNeely, who asked to talk to Paula. Hanson said: "No. She — nobody here — is going to accept those papers." McNeely then went to his car and telephoned counsel for plaintiff, who instructed him to leave the summons and complaint with whoever was in charge of the facility. McNeely went back inside and asked to speak to Paula or someone else in Wallace's office. Hanson said, "No one but Mr. Wallace will accept those papers. Period." McNeely then asked to speak to whoever was in charge, and Hanson said, "No." McNeely then laid the papers on Hanson's desk and left the building.

To the extent that there are conflicting facts — as between the throwing of papers described by Hanson, and the shoving described by McNeely — the court must adopt those advanced by the nonmovant. *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir.1990). Notwithstanding the difference in details, the two affiants present substantially the same story: the process server employed by plaintiff attempted to visit the offices of defendant's registered agent, was prevented from doing so by an armed security guard, and the server then left the papers with the security guard.

Fed.R.Civ.Pr. 4(e)(1) authorizes service of process "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."

KSA 60-304(e) governs service of process on corporations. The statute provides three means of serving process on corporations:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when by law it may be sued as such, (1) by serving an officer, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by certified mail on an officer, partner or agent shall be addressed to such person at the person's usual place of business.

Service of process under Kansas law is sufficient so long has there has been substantial compliance with the terms of the statue authorizing service. K.S.A. 60-204.

The court finds that service of process was proper. McNeely left the process papers with the person who appeared to have physical charge of that portion of the defendant's offices he was permitted to enter. The clear purpose of KSA 60-204(e)(2) is to permit convenient service of process on corporations, not to permit such corporations from insulating them from service by the actions of their security guards. This court has previously held that leaving service of process with a secretary who appeared to have charge of an office is sufficient service of process under *Sellens v. Telephone Credit Union*, 189 F.R.D. 461 (D. Kan. 1999). *See also Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475 (D.Kan.1994) (service deemed in substantial compliance when left with bookkeeper, even though bookkeeper denied having any authority to accept service).

The cases cited by Raytheon are inapposite, since they involved actions against individuals rather than corporate entities. *See, e.g., Haley v. Hershberger*, 207 Kan. 459, 485 P.2d 1321 (1971) (service on secretary insufficient); *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127 (1969) (no provision in Kansas law for leaving petition at place of business of person to be served). In each instance, the Supreme Court reached the unremarkable conclusion that service of process was ineffective, since KSA 60-304(a) — which governs service of process on individuals — has no provision for leaving process papers at a business office. In contrast, as noted earlier, the part of the Kansas statute governing service of process on corporations, such as defendant Raytheon, provides that three options for service, including "leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof."

The goal of the statute is to create a convenient and reliable system by which corporate defendants may be served with process. Corporate defendants may not circumvent this goal by creating a gauntlet of security guards which process servers must evade. Defendant was validly served under Kansas law.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the defendant's Motion to Dismiss (Dkt. No. 2) is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE