IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEGUROS POPULAR, C. x A.,
f/k/a  SEGUROS UNIVERSAL-AMERICA,
C. x A.,

        Plaintiff,

vs.

RAYTHEON AIRCRAFT CO.,

        Defendant.

Case No.05-CV-1002-JTM

MEMORANDUM AND ORDER

      Plaintiff Seguros Popular brought the present action alleging that an airplane produced by Raytheon which crashed January 7, 2003, was defective, and raised claims of breach of express warranty, negligent design and negligent manufacture.  The court has previously granted defendant Raytheon's motion to dismiss, holding that the plaintiff's product liability claims were time-barred under the two-year statute of limitations of KSA 60-3301, since defendant was not served until May 2, 2005. The matter is now before the court on the motion to alter and amend by Seguros Popular.

      The court held in its order that the two-year statute of limitations of KSA 60-3301 controlled, and rejected plaintiff's argument that the state law was preempted by the operation of Fed.R.Civ.Pr. 4(m).  (Dkt. No. 27).  *Henderson v. United States*, 517 U.S. 654 (1996).  The

plaintiff correctly notes in its current motion that in *Koss Construction v. Caterpillar, Inc.*, 25 Kan. App. 2d 200, 960 P.2d 255 (1998), the Kansas Court of Appeals adopted the economic loss rule in Kansas, and the court there rejected any exception for losses caused by a calamitous event. 25 Kan.App.2d at 206-07, 960 P.2d at 259-60. The court's prior analysis was in error and plaintiff has shown good cause for altering the court's order as to those counts alleging breach of warranty (Counts I and III).

Raytheon's arguments against modification of the prior order are not persuasive. First, Raytheon argues that the statute of limitations contained in the Kansas Product Liability Statute (KPLA) nonetheless governs the plaintiff's breach of warranty claims. This argument was not the basis for the court's earlier ruling, and the court finds it is without merit. The KPLA does not govern plaintiff's warranty claims because they are contractual in nature, and simply do not fall within the ambit of the KPLA. *Krestel Holdings I, L.L.C. v. Learjet Inc.*, 316 F.Supp.2d 1071, 1076 (D. Kan. 2004).

Raytheon secondly argues that, even if the matter is governed by the UCC, the matter is still time-barred because the parties agreed to a shorter, one-year limitations period. This argument is not ripe for consideration. Raytheon raised the argument only in its reply to the motion to dismiss, and the court in its prior order expressly refused to consider the issue.

Plaintiff has failed to show why the dismissal of the claims asserting negligent liability, Counts II and IV, were not correctly dismissed, and the court's prior order of dismissal shall remain in effect as to those claims.

IT IS ACCORDINGLY ORDERED this 13th day of January, 2006, that the plaintiff's Motion to Alter and Amend is hereby granted in part as provided herein, and the judgment entered in the case as to Counts I and III is hereby vacated.

                                               s/ J. Thomas Marten
                                               J. THOMAS MARTEN, JUDGE